UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN McGOWAN, DOREEN ORZO McGOWAN
and MARIO JUAREZ

                      Plaintiffs,                05 Civ. 2879 (HB)

        -against-                        **OPINION & ORDER**

MALCOM HOFFMEISTER, JOYCE DiCAMILLO
HOFFMEISTER, DOM'S CONSTRUCTION INC.,
and ELIZAETH THOMPSON,

                      Defendants.
------------------------------------------------------------------X

**Hon. HAROLD BAER, Jr., District Judge:**

On April 7, 2005, Plaintiffs, John McGowan, Doreen Orzo McGowan, and Mario Juarez, moved to remand the above-entitled action to New York State Supreme Court, Bronx County, pursuant to 28 U.S.C. § 1447(c). The matter was sub judice following oral argument on May 24, 2005. For the reasons set forth below, Plaintiffs' motion is GRANTED.

## I.     BACKGROUND

On July 7, 2003, Plaintiffs filed the instant Complaint against Defendants Malcolm and Joyce Hoffmeister (the "Hoffmeisters"), residents of Greenwich, Connecticut, Elizabeth Thompson ("Thompson"), a resident of Manhattan, New York, and Dom's Construction ("Dom"), a construction company incorporated in New York. (Compl. at ¶¶ 2 – 38, Ind. No. 20725/03, dated Jul. 7, 2003.) The Complaint consists of 12 causes of action for negligence and violation of New York and Connecticut labor laws, and one cause of action by Doreen Orzo McGowan for loss of services.

On July 17, 2004, the Hoffmeisters filed an Answer which, inter alia, denied certain material allegations alleged in the Complaint. (Hoffmeister Ans.) Dom neither answered, objected, nor moved to dismiss the Complaint. Thompson appeared pro se and filed an answer on July 11, 2003. (Thompson Ans.)

After review of discovery, the Hoffmeisters moved to dismiss the Complaint, and any cross-claims, and argued that as residents of Connecticut, they were not subject to personal jurisdiction in the New York Supreme Court. (Dec. & Order, McGowan v. Hoffmeister, No.

1

20725/2003, at 3.) After the motion to dismiss was filed, the Hoffmeisters also moved to amend their Answer to include lack of personal jurisdiction as an affirmative defense. McGowan v. Hoffmeister, 792 N.Y.S.2d 381, 382 (1 Dep't. 2005).

On December 24, 2003, Justice Bowman denied Hoffmeisters' motion to dismiss, but granted the motion to amend with leave to renew their motion to dismiss at the conclusion of discovery. Id. Plaintiff appealed to the Appellate Division, First Department, on February 5, 2004. (Not. of Appeal, Ind. No. 20725/03, dated Feb. 5, 2004).[1] Meanwhile, Hoffmeisters' joined Dom, and an additional party, David Comerico, as third-party defendants.

While Plaintiffs' appeal was pending, the parties proceeded with discovery. On March 3, 2003, Justice Bowman ordered Plaintiffs to file a note of issue on or before September 3, 2004, certifying that discovery was complete and the case was ready for trial. (Aff. Manuel Romero, Att'y for Pls., at ¶ 13).[2]

Plaintiffs' claim against pro se Thompson was dismissed on February 17, 2005 and, subsequently, on March 16, 2005, twenty months after the case was originally filed, the Hoffmeisters sought to remove the action to the Southern District of New York pursuant to 28 U.S.C. § 1446. (Dckt. 1.) The removal was based upon diversity of citizenship, e.g., New York Plaintiffs and Connecticut Defendant. On April 11, 2005, Plaintiffs filed the instant motion to remand the case back to state court.

## II.    DISCUSSION

Plaintiffs' motion to remand asserts that Defendants' removal of this action was untimely under 28 U.S.C. § 1446(b), which provides in pertinent part that:

> . . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except <u>that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action</u>.

28 U.S.C. § 1446(b) (emphasis added). In addition, the Second Circuit has instructed that a court

---

[1] On February 22, 2005, the First Department unanimously reversed the portion of Justice Bowman's decision which provided the Hoffmeisters the right to amend their Answer to include jurisdictional defenses. In particular, the First Department advised that "permission to amend an answer is to be freely given," but "the waiver of a jurisdictional defense cannot be nullified by a subsequent amendment to a pleading adding the missing affirmative defense." McGowan, 792 N.Y.S.2d at 382.

[2] It is unclear from the record whether such a notice was ever filed.

is required to "construe the removal statute narrowly, resolving any doubts against removability." Somlyo v. J. Lu-Rob Enters., 932 F.2d 1043, 1045-1046 (2d Cir. 1991); see also Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 176 (S.D.N.Y. 2003) ("The defendant's right to remove and the plaintiff's right to choose the forum are not equal, and uncertainties are resolved in favor of remand.") (citation omitted). As such, the burden is on the party which removed the action to federal court to demonstrate a (a) jurisdictional basis, (b) compliance with the statutory requirements, and "there is nothing in the removal statute that suggests that a district court has discretion to overlook or excuse prescribed procedures." Smith v. Kinkead, No. Civ. 10283, 2004 WL 728542, at *1 (S.D.N.Y. Apr. 5, 2004) (citation omitted).

Here, while it is uncontested that the removal to federal court was beyond the one-year limitation imposed by Section 1446(b) and, thus, procedurally defective, the Hoffmeisters argue that Plaintiffs' behavior is of such a nature as to permit the Court to grant an equitable extension. In particular, the Hoffmeisters claim that Plaintiffs dismissed Thompson only after removal of the action to federal court was procedurally barred. These arguments are (1) belied by the record and (2) contradicted by the clear intent and purpose of the removal statute.

First, the Hoffmeisters' argument ignores the presence of the non-diverse corporate defendant, Dom, in this action. The Hoffmeisters correctly note that Plaintiffs' time to enter a default judgment against Dom has expired.[3] However, Dom, for the moment at least, remains a party to this action even though diversity is determined at the time of filing, not years later, so whether its in or out now really does not matter. See e.g., Brooks v. Clark, 119 U.S. 502, 511 – 13, 7 S. Ct. 301 (1886) (defaulting party and judgment remain part of removed action); see also Kellam v. Keith, 144 U.S. 568, 12 S. Ct. 922 (1892) (in removal actions, diversity of citizenship must exist at the time complaint is filed). Dom's presence defeats complete diversity as required under 28 U.S.C. § 1332, because Plaintiffs are also New York residents. See generally K.M.B. Warehouse Distributors, Inc. v. Walker Mfg. Co., 61 F.3d 123 (2d Cir. 1995) ("there must be complete diversity of citizenship between all plaintiffs and all defendants named in all claims in order for jurisdiction over any claim to be based upon diversity of citizenship.") (citing to Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267,

---

[3] See, e.g., N.Y. C.P.L.R § 3215 (McKinney 2005) ("Default not entered within one year. If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed. A motion by the defendant under this subdivision does not constitute an appearance in the action.").

267, 2 L.Ed. 435 (1806)).

Second, in accordance with Section 1446(b) and the Supreme Court's holding in Caterpillar Inc. v. Lewis, "no case . . . may be removed based on diversity more than 1 year after commencement of the action." 519 U.S. 61, 62 (1996). The one-year limitation imposed by Section 1446(b) was designed to limit "the opportunity for removal after substantial progress has been made in state court." Id. at 75 n.12 (citing to H.R.Rep. No. 100- 889, p. 72, 1988 U.S. Code Cong. & Admin. News pp. 5982, 6032).[4] Congress recognized that this provision would produce "a modest curtailment in access to diversity jurisdiction," In re Rezulin Prod. Liab. Litig., No. 00 Civ. 2843, 2003 WL 21355201, at *2 (S.D.N.Y. Jun. 04, 2003), but that such a limitation was necessary to "prevent the delay, inefficiency, and unfairness resulting from late-stage, forum shopping remand motions." Pierpoint v. Barnes, 94 F.3d 813, 817 (2d Cir. 1996).[5]

This litigation has proceeded for over twenty months, through a motion to dismiss and an appeal to the Appellate Division, First Department. The state supreme court has issued discovery orders, ruled on various dispositive motions including, but not limited to, the Hoffmeisters' motion to dismiss, held status conferences and required the filing of a note of issue. To start anew after "substantial progress in state court," would contravene the clear intent of Congress and impose substantial and unnecessary burdens on the Plaintiffs. See, e.g., H.R. Rep. No. 100-889 at 72, U.S. Code Cong. & Admin. News 1988, pp. 6032, 6033.

Therefore, in accordance with Section 1446, Plaintiff's motion to remand the case to New York State Supreme Court, Bronx, New York is hereby GRANTED.

### III. CONCLUSION

For the aforementioned reasons, Plaintiffs' motion to remand the above-entitled action to New York State Supreme Court, Bronx County, is GRANTED.

---

[4] See Rothner v. City of Chicago, 879 F.2d 1402, 1418 (7th Cir. 1989) (the one year statute of limitations was designed to prevent removal after "substantial progress in state court," "on the eve of trial," "late in the proceedings," and to prevent "substantial disruption.") (citation omitted).
[5] See H. Rep. No. 889, 100th Cong., 2d Sess. 1, 23 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 5983-84 ("So long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuttling a case between two courts that each have subject matter jurisdiction. There is also some risk that a party who is aware of a defect in removal procedure may hold the defect in reserve as a means of forum shopping if the litigation should take an unfavorable turn. The amendment provides a period of 30 days within which remand must be sought on any ground other than lack of subject matter jurisdiction. The amendment is written in terms of a defect in "removal procedure" in order to avoid any implication that remand is unavailable after disposition of all federal questions leaves only State law questions that might be decided as a matter of ancillary or pendent jurisdiction or that instead might be remanded.") (emphasis added).

The case of <u>McGowan et al v. Hoffmeister et al</u>, 05 Civ. 2879, is ORDERED transferred to the Supreme Court of the County of Bronx, State of New York and the Clerk of the Court is so instructed. The Clerk of the Court is also instructed to close this motion and all other open motions and remove this case from my docket.

**IT IS SO ORDERED.**
**New York, New York**
**June 1, 2005**

_____
U.S.D.J.